**Michelle OLIVER, etc., et al., Plaintiffs-Appellees,**

v.

**SCHOOL DISTRICT OF the CITY OF KALAMAZOO, COUNTY OF KALAMAZOO, Defendant-Appellant.**

No. 71-1700.

United States Court of Appeals, Sixth Circuit.

Aug. 30, 1971.

———◆———

Gordon H. Kriekard, Kalamazoo, Mich., and Michael H. Jackson, Denver, Colo., Ford, Kriekard, Staton & Allen, Kalamazoo, Mich., on the brief, for appellant.

Nathaniel R. Jones, New York City, and Richard Enslen, Kalamazoo, Mich., Philip Hummer, Kalamazoo, Mich., Stuart J. Dunnings, Jr., Dunnings & Gibson, Lansing, Mich., on the brief, of

counsel, Louis R. Lucas, Ratner, Sugarmon & Lucas, Memphis, Tenn., of counsel, for appellees.

Before PHILLIPS, Chief Judge, and PECK and BROOKS, Circuit Judges.

PER CURIAM.

This case is before the Court on an appeal under 28 U.S.C. § 1292(a) from the order of the District Court granting a preliminary injunction. The injunction of the District Judge directs the Kalamazoo Board of Education to implement immediately the school attendance plan adopted by the Board on May 7, 1971, and to make this plan completely and fully effective at the beginning of the 1971–1972 school year.

The Board of Education has appealed from the order of the District Court and also has filed a motion for a stay of the injunction pending appeal. Oral arguments were heard on the appeal and also on the motion for stay pending appeal.

■■ The granting or denial of a preliminary injunction pending final hearing on the merits is within the sound judicial discretion of the District Court. On appeal, the action of the District Judge in granting or denying a preliminary injunction will not be disturbed unless contrary to some rule of equity or the result of improvident exercise of judicial discretion. Bradley v. Milliken, 433 F.2d 897, 904 (6th Cir. 1970). This principle applies to an order granting a preliminary injunction as well as to an order denying a preliminary injunction. Deckert v. Independence Shares Corp., 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189 (1940); American Federation of Musicians v. Stein, 213 F.2d 679 (6th Cir.), cert. denied, 348 U. S. 873, 75 S.Ct. 108, 99 L.Ed. 687 (1954). Upon a review of the entire record in this case, this Court cannot say that the action of the District Court in granting the preliminary injunction is contrary to a rule of equity or constitutes an improvident exercise of judicial discretion.

The order of the District Court granting the preliminary injunction is affirmed. The application for a stay pending appeal is denied. Although affirming the result reached by the District Court, this Court expressly refrains from approving all the language and holdings of the District Judge in his opinion rendered August 24, 1971.

■■ Before issuing the preliminary injunction, the District Judge conducted a hearing and received evidence and made findings of fact, which are before this Court on the appeal. The District Court has scheduled an early plenary hearing on the merits of the case. At this hearing the defendants-appellants will have an opportunity to present all further objections which they may have to the attendance plan implemented by the preliminary injunction. Either following the plenary hearing or before the plenary hearing the District Judge is authorized to make such modifications in the plan implemented by the interlocutory injunction as he may find to be appropriate. Davis v. School District of City of Pontiac, Inc., 443 F.2d 573, 577 (6th Cir. 1971). Motions to intervene on behalf of plaintiffs-appellees have been filed by the Kalamazoo City Education Association, The Michigan Education Association, The National Education Association, The League of Women Voters of Michigan and the Kalamazoo Area League of Women Voters. These motions are allowed.

Affirmed and remanded.