**NATIONAL ASSOCIATION FOR the AD-VANCEMENT of COLORED PEOPLE, LANSING BRANCH, et al., Plaintiffs-Appellees,**

v.

**LANSING BOARD OF EDUCATION, a body corporate, et al., Defendants-Appellants.**

**No. 73-8119.**

United States Court of Appeals, Sixth Circuit.

Aug. 29, 1973.

Fred C. Newman, Lansing, Mich., for appellants.

John W. Davis, Lansing, Mich., for appellees.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

This case is before the Court on an emergency application for stay pending appeal of an order of the District Court

granting a preliminary injunction in a school desegregation case. The injunction directs the Board of Education of Lansing, Michigan to reinstate a desegregation plan adopted by that Board on June 19, 1972. Schools in Lansing tentatively are scheduled to commence on September 6, 1973.

The record shows that as early as 1964 the Lansing Board of Education became concerned because certain elementary schools in that system were in the process of becoming segregated. During the ensuing years certain study groups and ad hoc committees were appointed to study the problem and to make reports to the Board of Education. These reports are summarized in some detail in the preliminary injunction issued by District Judge Noel P. Fox in the present case. Based in part on the reports of such studies and after numerous public hearings and extensive public debate, the Lansing Board of Education on June 19, 1972 adopted a desegregation plan, commonly known as the "Cluster Plan," involving students in grades 3 through 6 in 13 of Lansing's 50 elementary schools. This plan does not involve high schools or junior high schools.

The "Cluster Plan" met with public opposition resulting in a recall election directed against the five members of the Board of Education who supported it. All five members of the Board who voted for the "Cluster Plan" were recalled.

Five new Board members were elected in January, 1973. At the first regularly scheduled meeting of the Board as reconstituted, the "Cluster Plan" was rescinded effective at the end of the 1972–73 school year. The District Court found that this rescission would have the effect of reassigning many Lansing elementary students back to their previously segregated schools.

It is the established rule of this Circuit that the granting or denial of a preliminary injunction will not be disturbed on appeal unless contrary to some rule of equity or the result of improvident exercise of judicial discretion. Oliver v. School District of City of Kalamazoo, 448 F.2d 635 (6th Cir. 1971), and cases therein cited.

In a somewhat analogous situation which arose in a school desegregation case involving the public schools of Detroit, this Court held that District Judge Stephen J. Roth did not abuse his discretion in denying an application for a preliminary injunction. Bradley v. Milliken, 433 F.2d 897, 904 (6th Cir. 1970). This Court has upheld the determinations of District Courts in school desegregation cases, as well as other cases, when properly supported by the pleadings and evidence, even though different results may be reached in different cases. See Goss v. Board of Education, 482 F.2d 1044 (6th Cir. 1973) (in banc).

■ We hold that the District Judge did not abuse his discretion in granting the injunction on the record in the present case.

■ The Board of Education further urges the granting of a stay on the authority of the "Broomfield Amendment", Public Law 92–318, 86 Stat. 235, § 803, known as the "Education Amendments Act of 1972." We hold that this statute has no application in the present case. See Drummond v. Acree, 409 U.S. 1228, 93 S.Ct. 18, 34 L.Ed.2d 33 (1972).

■ This case is before this Court on appeal, the notice of appeal having been filed August 14, 1973. The order of the District Court granting the preliminary injunction is an appealable order. (28 U.S.C. § 1292(a)). The emergency application for stay pending appeal is denied. Further, this Court concludes that it is manifest that the questions on which the decision of this case depends do not require further argument. Rule 8, Sixth Circuit Rules. See, Keyes v. School District #1, 413 U.S. 189, 93 S.Ct. 2686, 37 L.Ed.2d 548 (1973); Bradley v. Milliken, 484 F.2d 215 (6th Cir. 1973) (in banc); Mapp v. Board of Education of Chattanooga, 477 F.2d 851 (6th Cir. 1973) (in banc); Davis v. School District of City of Pontiac, 443 F.2d 573 (6th Cir.), cert. denied, 404 U.S.

913, 92 S.Ct. 233, 30 L.Ed.2d 186 (1971).

Either following the plenary hearing on the merits or before the plenary hearing, the District Judge specifically is authorized to make such modifications in the plan implemented by the interlocutory injunction as he may find to be appropriate. Kelly v. Metropolitan Board of Education of Nashville, 463 F. 2d 732 (6th Cir.), cert. denied, 409 U.S. 1001, 93 S.Ct. 322, 34 L.Ed.2d 262 (1972); Oliver v. School District of City of Kalamazoo, *supra*, 448 F.2d at 636.

Affirmed.