521 F.2d 578
 NEWBURG AREA COUNCIL, INC., et al., and John F. Haycraft, et
al., Plaintiffs-Petitioners,
v.
Honorable James F. GORDON, United States District Judge,
Western District of Kentucky, Respondent,
Board of Education of Jefferson County, Kentucky, et al.,
All Parties to the Actions in the Trial Court.
 No. 75-1737.
 United States Court of Appeals,
Sixth Circuit.
 July 17, 1975.
 
 Robert A. Sedler, Lexington, Ky., Thomas L. Hogan, John G. O'Mara, Galen Martin, Louisville, Ky., for plaintiffs-petitioners.
 George J. Long, U. S. Atty., Louisville, Ky., for respondent.
 Before PHILLIPS, Chief Judge, and McCREE and MILLER, Circuit Judges.
 PER CURIAM.
 
 
 1
 The petitioners have filed with this Court a petition, pursuant to Rule 21 of the Federal Rules of Appellate Procedure, for a writ of mandamus directed to the respondent and to the parties to the consolidated civil actions pending in the trial court, to direct the respondent (1) to issue an order providing for full and complete desegregation of the Jefferson County school district to take effect at the beginning of the 1975-76 school year regardless of the pendency of any appeals from said order; and (2) to hold a hearing on pending plans for desegregation of said school district on July 14, 1975, instead of August 4, 1975.
 
 
 2
 In Newburg Area Council, Inc., et al. v. Board of Education of Jefferson County, Kentucky, et al., 489 F.2d 925 (1973), we held that where there are separate school districts in a given county and the districts are not unitary systems, a federal district court may fashion an appropriate remedy without being constrained by school district lines created by state law.
 
 
 3
 It was found that there were remaining vestiges of state-imposed segregation in both the Jefferson County school district and the Louisville school district. The actions were remanded to the district court to formulate desegregation plans for all school districts in Jefferson County, Kentucky, including the Jefferson County school district, the Louisville school district, and the Anchorage Independent school district. It was held that state-created school district lines would impose no barrier to accomplish the purpose of eliminating within the school districts of the county all vestiges of state-imposed segregation. The judgments of the district court were accordingly reversed and the case was remanded to the district court for proceedings to formulate an appropriate desegregation plan for all school districts within Jefferson County. The court was specifically authorized to join all parties, including the previously dismissed Anchorage Independent school district.
 
 
 4
 Thereafter, the Supreme Court, having granted certiorari to review our ruling, remanded the actions to us for reconsideration in light of the Supreme Court's ruling in Milliken v. Bradley, 418 U.S. 717, 94 S.Ct. 3039, 41 L.Ed.2d 1033 (1974) (the remand order to this Court is reported at 418 U.S. 918, 94 S.Ct. 3208, 41 L.Ed.2d 1160 (1974)).
 
 
 5
 Pursuant to the mandate of the Supreme Court, this Court reconsidered its prior ruling in Newburg Area Council, Inc., et al. v. Board of Education of Jefferson County, et al., 510 F.2d 1358 (1974), in which it was concluded that the Milliken ruling, for various reasons set forth in our per curiam opinion, 510 F.2d 1358 (1974), did not require on the facts of the Newburg case a reversal of our prior ruling that the district court in formulating a desegregation plan for Jefferson County, Kentucky, would not be precluded from disregarding state-created school district lines within a single county in Kentucky. Accordingly, after a full reconsideration, as directed by the Supreme Court, our former 1973 opinion was reinstated with the sole modifications "(1) that the district court shall join the Anchorage Independent school district as a party defendant, if deemed necessary to provide an adequate remedy; (2) that the effectiveness of any order entered by the district court on remand which may provide for an inter-district remedy shall be postponed until all appeals in connection with such order have been exhausted; and (3) that in no event should any plan of desegregation ordered by the district court take effect before the beginning of the 1975-76 academic year."
 
 
 6
 The actions accordingly were again remanded to the district court. Following such remand, the district court directed the parties to submit plans of desegregation; directed that the Anchorage Independent school district be made a party to the action; and fixed August 4, 1975, as the date for a hearing on any plans of desegregation with the proviso that the hearing would be held on July 14, 1975, in the event this Court should direct that total implementation of the final plan for desegregation of the schools of the county should take effect at the beginning of the 1975-76 school year.
 
 
 7
 Also, after such second remand, it appears that the Jefferson County and Louisville school districts were merged under the provisions of state law, thus leaving only two school districts in the county the old Anchorage Independent School District, and the new Jefferson County school district replacing the former Jefferson County and Louisville school districts.
 
 
 8
 Upon consideration, we are of the opinion that a writ of mandamus should be granted to require the respondent, following such hearings as may be necessary, to approve a plan to eliminate all remaining vestiges of state-imposed segregation from the new Jefferson County school district, such plan to take effect at the beginning of the 1975-76 academic year, and to include the Anchorage Independent school district if deemed necessary and appropriate by the district judge to accomplish the objectives of the plan. We are of the opinion, however, that this Court should not undertake at this time to direct that any plan of desegregation approved by the district court should remain in effect regardless of the pendency of any appeal or appeals which may be taken from any such order of approval. Whether any such order of approval should be stayed pending any appeal therefrom is a matter which should be determined by an appropriate court only after the order is entered.
 
 
 9
 That portion of our per curiam opinion of December 11, 1974, 510 F.2d 1358, which stated: "That the effectiveness of any order entered by the district court on remand which may provide for an inter-district remedy shall be postponed until all appeals in connection with such order have been exhausted . . . ." does not apply to any order which the district court may enter following the second remand for the reason that the former Jefferson County school district and the Louisville school district since the second remand were legally merged, without any order from the district court, into one Jefferson County school district under the applicable provisions of state law, thus making it unnecessary to cross the line between the two former school districts to eliminate all remaining vestiges of state-imposed segregation from the newly created Jefferson County school district. An additional reason why any such desegregation order of the district court which may include the Anchorage district in any desegregation plan should not be postponed pending an appeal therefrom is that the Anchorage district includes only a single school having an all-white enrollment of about 350 students, whereas the new Jefferson County school district includes approximately 26,000 black students alone, and approximately 150,000 students of all races. If the district court should enter an order requiring the crossing of the Anchorage Independent school district line, the question whether the inclusion of the Anchorage district should be stayed pending any appeal should be dealt with, as any stay pending appeal, under Rule 62 of the F.R.Civ.P. and Rule 8 of the F.R.A.P.
 
 
 10
 Our per curiam opinion of December 11, 1974, should not be construed as having the effect of staying any order of desegregation entered by the district court pending any appeal which may be taken solely because it may include the Anchorage Independent school district.
 
 
 11
 The district court in its response to the petition for mandamus, as well as in certain orders and opinions, refers to the possibility that the Equal Educational Opportunity Act of 1974 may require a postponement of the effectiveness of any desegregation order pending exhaustion of appeals therefrom. 20 U.S.C. § 1701 Et seq. Thus the issue is presented whether the said Act constitutes a legal barrier to our issuance of the writ of mandamus to require the district court to order any plan of desegregation approved by it to take effect at the beginning of the 1975-76 school year. Upon consideration, we find that the Act does not create a barrier to implementation of a desegregation plan at the beginning of the next academic year. This is true for the reason that the Act by its own terms provides that "the provisions of this (Act) are not intended to modify or diminish the authority of the courts of the United States to enforce fully the fifth and fourteenth amendments to the Constitution of the United States." 20 U.S.C. § 1702(b). See also Drummond v. Acree, 409 U.S. 1228, 93 S.Ct. 18, 34 L.Ed.2d 33 (1972) (Powell, J.) and our opinion in N.A.A.C.P., Lansing Branch v. Lansing Board of Education, 485 F.2d 569, 570 (6th Cir. 1973), and our more recent opinion in Brinkman, et al. v. Gilligan, et al., 518 F.2d 853 (1975). Our first opinion holding that there were remaining vestiges of state-imposed segregation in the Jefferson County and Louisville school districts was rendered on December 28, 1973. This holding is the law of the present case. To delay or postpone for an additional year the realization by thousands of black students of their established constitutional rights would be to perpetuate a manifest injustice, violative of the Fourteenth Amendment.
 
 
 12
 Once the district judge has approved an appropriate plan to remove all vestiges of state-imposed segregation from the Jefferson County school district, the question of whether the Anchorage Independent school should be included within such plan should not be permitted to delay the implementation of the plan with respect to the newly-created Jefferson County school district at the beginning of the next academic year, 1975-76. To avoid the possibility of such a delay, the district judge shall retain jurisdiction of the case, including the right at a later date to modify the plan of desegregation of Jefferson County so as to include the Anchorage district if it is found to be necessary.
 
 
 13
 It is therefore ordered and adjudged as follows:
 
 
 14
 That a writ of mandamus issue directing the respondent to approve a plan for the desegregation of the newly-created Jefferson County, Kentucky, school district to the end that all remaining vestiges of state-imposed segregation shall be removed from the said school district (formerly the Jefferson County and Louisville school districts). The said order of approval of such plan shall specifically provide that the plan shall take effect at the beginning of the 1975-76 academic year. Any further hearings which the district judge may find to be necessary shall be fixed on such dates as he shall deem proper, but in no event shall such hearing or hearings be permitted to delay the implementation of the court-approved desegregation plan beyond the beginning of the next ensuing school year.