NEWBURG AREA COUNCIL, INC., et al., Plaintiffs-Appellees,

v.

BOARD OF EDUCATION OF JEFFERSON COUNTY, KENTUCKY et al., Defendants,

Department of Education of the Commonwealth of Kentucky et al., Defendants-Appellants.

No. 76–1989.

United States Court of Appeals, Sixth Circuit.

Argued June 13, 1978.

Decided Aug. 14, 1978.

Robert F. Stephens, Atty. Gen. of Kentucky, Frankfort, Ky., Robert L. Chenoweth, Asst. Atty. Gen., Frankfort, Ky., for defendants-appellants.

Thomas L. Hogan, Louisville, Ky., for plaintiffs-appellees.

Before PHILLIPS, Chief Judge, ENGEL, Circuit Judge, and PECK, Senior Circuit Judge.

PHILLIPS, Chief Judge.

This appeal involves the constitutionality of a Kentucky statute which conflicts with a court ordered[1] desegregation plan in Jefferson County, Kentucky. The district court declared the statute unconstitutional as applied to Jefferson County. We agree with the decision of the district court.

In April, 1978, plaintiffs, Newburg Area Council, Inc., filed a motion for a declaratory judgment asking the district court to declare unconstitutional as applied to Jefferson County, Kentucky, an amendment to K.R.S. 159.070, House Bill 193, which provides:

> Within the appropriate school district attendance area, parents or legal guardians shall be permitted to enroll for attendance their children in the public school nearest their home.

The Jefferson County Board of Education timely filed an answer to the motion, but the Attorney General of Kentucky failed to file a response.

The district court sustained plaintiff's motion and held that House Bill 193 was unconstitutional "insofar as it permits the parents of children in Jefferson County, Kentucky, to enroll their children in the public school nearest their home." The district court reasoned that:

---

1. *See Cunningham v. Grayson,* 541 F.2d 538 (6th Cir. 1976), *cert. denied,* 429 U.S. 1074, 97 S.Ct. 812, 50 L.Ed.2d 792 (1977), *rehearing denied,* 430 U.S. 941, 97 S.Ct. 1573, 51 L.Ed.2d 788 (1977); *Newburg Area Council, Inc. v. Gordon,* 521 F.2d 578 (6th Cir. 1975); *Newburg* *Area Council, Inc. v. Board of Education,* 510 F.2d 1358, *cert. denied,* 421 U.S. 931, 95 S.Ct. 1658, 44 L.Ed.2d 88 (1975); *Newburg Area Council, Inc. v. Board of Education,* 489 F.2d 925 (6th Cir. 1973), *vacated and remanded,* 418 U.S. 918, 94 S.Ct. 3208, 41 L.Ed.2d 1160 (1974).

We believe House Bill 193 is patently unconstitutional in that it (1) conflicts with this Court's duty to remove all remaining vestiges of state-imposed segregation in the Jefferson County school district, a duty imposed on this Court by the Sixth Circuit Court of Appeals in its order of December 11, 1974. *Newburg Area Council, Inc. v. Board of Education,* 510 F.2d 1358 (6th Cir. 1974). *See also Newburg Area Council, Inc. v. Gordon,* 521 F.2d 578 (6th Cir. 1975); (2) conflicts with this Court's desegregation plan issued July 30, 1975, a plan which was and is necessary to dismantle an unconstitutional school system and to create a system compatible with the guarantees of the Fourteenth Amendment; and (3) conflicts with the rights guaranteed to all citizens by the Equal Protection clause of the Fourteenth Amendment to the Constitution of the United States.

Subsequently, the Attorney General of Kentucky filed motions for relief from judgment pursuant to Rule 60(b), Fed.R. Civ.P., and to convene a three-judge district court pursuant to the now repealed 28 U.S.C. § 2281.[2] The district court denied both motions and defendants appeal, contending that the district court erred: (1) in rendering an order which could only be issued by a three-judge court; and (2) in declaring the provision to be unconstitutional. We affirm.

I.

Appellants contend that the order of the district court declaring House Bill 193 to be unconstitutional was a coercive order which could only be issued by a three-judge court. Appellees, on the other hand, assert that since no injunctive relief was sought or granted, there was no need for a three-judge court.

In *Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 154–55, 83 S.Ct. 554, 560, 9 L.Ed.2d 644 (1963), the Supreme Court stated:

Whether an action solely for declaratory relief would under all circumstances be inappropriate for consideration by a three-judge court we need not now decide, for it is clear that in the present case the congressional policy underlying the statute was not frustrated by trial before a single judge. The legislative history of § 2282 and of its complement, § 2281, requiring three judges to hear injunctive suits directed against federal and state legislation, respectively, indicates that these sections were enacted to prevent a single federal judge from being able to paralyze totally the operation of an entire regulatory scheme, either state or federal, by issuance of a broad injunctive order. Section 2281 'was a means of protecting the increasing body of state legislation regulating economic enterprise from invalidation by a conventional suit in equity. . . . The crux of the business is procedural protection against an improvident state-wide doom by a federal court of a state's legislative policy. This was the aim of Congress . . . .' *Phillips v. United States,* 312 U.S. 246, 250–251 [61 S.Ct. 480, 85 L.Ed. 800]. Repeatedly emphasized during the congressional debates on § 2282 were the heavy pecuniary costs of the unforeseen and debilitating interruptions in the administration of federal law which could be wrought by a single judge's order, and the great burdens entailed in coping with harassing actions brought one after another to challenge the operation of an entire statutory scheme, wherever jurisdiction over government officials could be acquired, until a judge was ultimately

---

2. 28 U.S.C. § 2281 provided:

An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes,

shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title. June 25, 1948, c. 646, 62 Stat. 968.

found who would grant the desired injunction. 81 Cong.Rec. 479–481, 2142–2143 (1937).

The present action, which in form was for declaratory relief and which in its agreed substance did not contemplate injunctive relief, involves none of the dangers to which Congress was addressing itself. The relief sought and the order entered affected an Act of Congress in a totally noncoercive fashion. There was no interdiction of the operation at large of the statute. It was declared unconstitutional, but without even an injunctive sanction against the application of the statute by the Government to Mendoza-Martinez. Pending review in the Court of Appeals and in this Court, the Government has been free to continue to apply the statute. That being the case, there is here no conflict with the purpose of Congress to provide for the convocation of a three-judge court whenever the operation of a statutory scheme may be immediately disrupted before a final judicial determination of the validity of the trial court's order can be obtained. Thus there was no reason whatever in this case to invoke the special and extraordinary procedure of a three-judge court. Compare *Schneider v. Rusk*, 372 U.S. 224, 83 S.Ct. 621, 91 L.Ed.2d 695, decided this day. (footnotes omitted)

In *Board of Regents v. New Left Education Project*, 404 U.S. 541, 542, 92 S.Ct. 652, 653, 30 L.Ed.2d 697 (1972), the Court stated that a three-judge court is required:

> where the challenged statute or regulation, albeit created or authorized by a state legislature, has statewide application or effectuates a statewide policy. But a single judge, not a three-judge court, must hear the case where the statute or regulation is of only local import.

Since the order of the district court declared House Bill 193 unconstitutional only insofar as it applied to Jefferson County, we agree that it did not interdict "the operation at large" of the statute, *Kennedy v. Mendoza-Martinez, supra*, nor did the order either give or take away any duties from state officials. Indeed, the district court specifically noted that the legislation was unconstitutional insofar as it impedes the mandates of the Sixth Circuit to eliminate racially identifiable schools in Jefferson County; it presumably remains good law elsewhere in Kentucky. Thus, under the facts of this case, the convening of a three-judge court was not required. *See Whatley v. Clark*, 482 F.2d 1230, 1231 (5th Cir. 1973), *cert. denied*, 415 U.S. 934, 94 S.Ct. 1449, 39 L.Ed.2d 492 (1974); *Triple A Realty Inc. v. Florida Real Estate Commission*, 468 F.2d 245, 247 (5th Cir. 1972).

## II.

■ With respect to the constitutionality of House Bill 193, we agree with the holding of the district court that the provision is unconstitutional as applied to Jefferson County, Kentucky, in that it would operate to frustrate this court's mandates to eradicate state imposed segregation in the Jefferson County school system. *North Carolina State Board of Education v. Swann*, 402 U.S. 43, 91 S.Ct. 1284, 28 L.Ed.2d 586 (1971); *Carroll v. Board of Education*, 561 F.2d 1 (6th Cir. 1977), *cert. denied*, 435 U.S. 904; 98 S.Ct. 1449, 55 L.Ed.2d 494 (1978); *Bradley v. Milliken*, 433 F.2d 897 (6th Cir. 1970), and cases therein cited.

Since the question is not presently before the court, we express no opinion as to the constitutionality of House Bill 193 as it applies elsewhere in Kentucky.

Affirmed.